UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHARLES JUNIUS, ET AL**                              **CIVIL ACTION**

**VERSUS**                                              **NO. 08-3982**

**RONNIE ROBINSON, ET AL**                              **SECTION: "B"(1)**

## ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment alleging that Plaintiffs, Charles and Christine Junius, fail to state a claim under which relief can be granted. (Rec. Doc. 5). The motion is opposed. (Rec. Doc.8). Also before this Court is Defendants' Motion for Sanctions pursuant to Fed. R. Civ. P. 11(c)(1)(A) alleging Plaintiffs had no basis for filing the instant suit. (Rec. Doc. 4). The Motion for Sanctions is opposed. (Rec. Doc. 9). Having heard oral argument from parties' counsel and for the following reasons, Defendants' Motion for Summary Judgment is **GRANTED** and their Motion for Sanctions is **DENIED**.

Charles and Christine Junius (Plaintiffs) filed the instant suit on July 21, 2008, pursuant to 42 U.S.C. § 1983 alleging their rights to due process and property were violated when Defendants, Ronnie Robinson and Ian E. Goldberg, Attorney (Defendants), prematurely seized Plaintiffs' property pursuant to a writ of *fieri facias*. (Rec. Doc. 5-2 at 2).

Defendant Robinson was awarded a judgment in the First City

Court against Plaintiffs for $13,000 on March 30, 2007. (Rec. Doc. 1 at ¶ 6). Plaintiffs filed a Motion for New Trial which was denied by the trial court. (Rec. Doc. 5-2 at 2). Plaintiffs' counsel alleged they were not timely given written notice of the denial by the trial court pursuant to Louisiana Code of Civil Procedure articles 5002 and 1914(C). (Rec. Doc. 1 at ¶ 6). When Plaintiffs received written notice of denial they filed a Motion for Suspensive Appeal on May 17, 2007. The motion was denied by the state trial court as untimely on April 18, 2007. (Rec. Doc. 5-2 at 2). Defendants claim that when the First City Court denied Plaintiffs' Motion for Reconsideration on July 3, 2007, Defendants had no knowledge that Plaintiffs had valid grounds for appeal of the court's order denying Plaintiff's Motion for Suspensive Appeal. (Rec. Doc. 5-2 at 10).

On July 24, 2007, Defendant Robinson through his attorney defendant Goldberg, filed a Petition to Make Judgment of Another Louisiana Court Executory in the 22nd Judicial District Court for the Parish of St. Tammany (22nd JDC). (Rec. Doc. 5-6 at 16-17). The petition was granted by that trial court the following day. (Rec. Doc. 5-6 at 18). Pursuant to the 22nd JDC's Order, the St. Tammany Parish Sheriff affixed a notice of seizure to Plaintiff's property located at 221 Masters Point Court, Slidell, Louisiana, on

August 9, 2007.[1] Plaintiffs allege they were not served with notice of seizure. (Rec. Doc. 8 at 9). Plaintiffs sought and obtained a temporary restraining order on August 23, 2007, but their motion for permanent injunction was denied by the state trial judge at a later hearing before the 22nd JDC. (Rec. Doc. 8 at 10).

On January 3, 2008, Plaintiffs filed a Motion for Reconsideration of the court's order denying the Motion for New Trial. (Rec. Doc. 5-2 at 3). The motion was denied, and Plaintiffs filed a Notice of Intent to take Writs. (Rec. Doc. 5-2 at 10). On June 18, 2008, the Fourth Circuit Court of Appeal granted the Writ, concluding Plaintiffs timely filed their Motion for Suspensive Appeal by fax on March 17, 2007. Defendants allege they were not aware of Plaintiffs' timely fax file until the hearing for appeal. (Rec. Doc. 5-2 at 10).

Plaintiffs allege Defendants violated their due process rights by prematurely seizing their property. (Rec. Doc. 1). Defendants allege Plaintiffs were afforded their due process rights and their property was not seized during pendency of the Motion for Suspensive Appeal. (Rec. Doc. 5).

**Law & Analysis:**

   **I.   MOTION FOR SUMMARY JUDGMENT**

Summary Judgment is proper if the pleadings, depositions,

---

[1] In fact, the state court had issued a writ of *fieri facias* for Plaintiff's property at 464 Masters Point Court, Slidell, Louisiana. (Rec. Doc. 8-3 at 7).

interrogatory answers, and admissions, together with any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment on the matter. Fed. R. Civ. P. 56(c); See also *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party has the burden of showing there is no genuine issue of material fact, but may discharge this burden by showing the absence of evidence necessary to support an essential element of the nonmoving party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue exists if evidence would allow a reasonable jury to return a verdict for the nonmovant. *Id.*

**Non-State Actor Liability under 42 U.S.C. § 1983**

42 U.S.C. § 1983 provides:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

In order to succeed in claim under 42 U.S.C. § 1983, a person must prove (1)that he was deprived of a constitutionally granted right; and (2)that the defendant acted under the color of any statute of any state. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). For a person to act under color of state law, his actions must be fairly attributable to the state. *Lugar v. Edmondson Oil Co.*, 457

U.S. 922, 938 (1982). Actions fairly attributable to the state are those which are caused by the exercise of some right or privilege created by a state, and the party charged with deprivation of the constitutional right must be a state actor. *Id.* A state actor may be a state official or a private individual who may act together or obtains significant aid from a state official. *Id.*, at 939. Accordingly, when a private creditor acts under authority of state statute and with the assistance of state officials to deprive a person of his property without benefit of due process, he may be held liable pursuant to 42 U.S.C. § 1983. *Id.*, at 933.

However, "private misuse of a state statute does not describe conduct that can be attributed to the state." *Id.*, at 2756. Invoking a "statute without the grounds to do so could in no way be attributed to a state rule or state decision" because such misuse is "contrary to the relevant policy articulated by the state." *Id.*, at 2755. Actions only alleging misuse or abuse of a State statute "do not present a valid cause of action under § 1983." *Id.*, at 2756. Additionally, "misuse of legal procedure may be so egregious as to constitute a violation of Section 1983 as well, if the tort-feasor, under color of state law, subjects the tort-victim to a deprivation of Constitutional dimension." *Sisk v. Levings*, 868 F.2d 159, 161 (5th Cir. 1989), (quoting, *Beker Phosphate Corp. v. Muirhead*, 581 F.2d 1187, 1188 n. 1 (5th Cir.1978)). It follows "that conduct[,] which merely engenders common law tort

liability, without infringing on constitutionally protected interests, is not a sufficient basis to support a cause of action under Section 1983." *Id*. Thus, Section 1983 was not envisioned to provide remedies for mere common law torts, even if the torts were committed under color of state law. *Id*.

A constitutional claim under Section 1983 requires more than an allegation of extraordinary negligence; the complaint must allege "the sort of abuse of government power that is necessary to raise an ordinary tort by a government agent to the statute of a violation of the Constitution." *Hull v. City of Duncanville*, 678 F.2d 582, 584 (5th Cir. 1982) (quoting *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980)). The state conduct alleged must be so egregious as to be constitutionally tortuous. *Rankin v. Wichita Falls*, 762 F.2d 444, 447 (5th Cir. 1985).

Louisiana Civil Code article 2252 provides:

> [a] judgment creditor may proceed with execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed. . . .

In other words, a debtor is entitled to appeal before his property will be seized. Therefore, in order for Defendants to prevail, they must prove either: (1) that the writ of *fieri facias* that Plaintiff objects to does not amount to an actionable section 1983 claim; or (2) the writ of *fieri facias* was properly obtained as to not implicate Plaintiffs' due process rights. The record indicates

that defendants acted pursuant to the facially apparent authority of the state trial courts, with no allegation or showing of a conspiracy or unlawful purpose between private Defendants and the state trial courts.  The subsequent failure of the state court clerk's to inform the presiding trial judge of Plaintiff's faxed notice of appeal to the clerk's office or the judge is not attributable to any action by Defendants here. At most, Defendants sought and executed a writ of *fieri facias* without knowledge of the state trial court's error that the appeals period had lapsed.  That trial court error was found post-seizure by the state appellate court without attributing fault or due process violations at the feet of Defendant-Attorney who was acting under the apparent authority of yet un-reversed state trial court rulings.

Defendants argue they cannot be held liable under 28 U.S.C. § 1983 because their actions lacked the requisite intent that gives rise to civil rights violations.  Even assuming occurrence of a violation of Louisiana Civil Code article 2252 in seizing Plaintiffs' property prior the expiration of the appeals period, which was not found by the state court, the record reflects that Defendants' actions, at best, constitute "the common law tort of misuse of legal procedure, [which] without more, does not rise to the level of Constitutional wrong remedied by Section 1983." *Beker Phosphate Corp. v. Muirhead*, 581 F.2d 1187, 1189 (5th Cir. 1978). "Section 1983 imposes liability for violations of rights protected

by the Constitution, not for violations of duties of care arising out of tort law." *Rankin*, 762 F.2d at 448. Section 1983 was not envisioned to provide remedies for mere common law torts, even if the torts were committed under color of state law. *Sisk v. Levings*, 868 F.2d 159, 161 (5th Cir. 1989), (citing, *Beker Phosphate Corp. v. Muirhead*, 581 F.2d 1187, 1188 n. 1 (5th Cir.1978)). The traditional remedy for such violations is in state court under traditional tort-law principles.

The unpublished opinion of *Doyle v. Landry*[2] is distinguished factually from the instant matter. There, plaintiff successfully petitioner the trial court to revoke the writ of *fieri facias* and to issue a preliminary injunction enjoining sale of plaintiff's home. Here, Plaintiff's various attempts to enjoin enforcement of the state court rulings against them were unsuccessful at the trial court level. Their later success at the appellate level, i.e. a finding that their notice of appeal was timely filed, does not evidence any action by Defendants to intentionally deny Plaintiffs' due process rights; nor does it establish gross indifference to due process rights. The the contrary, Plaintiffs here and the state appellate court point to failures of state public officials, not the private defendants here.

Manifest injustice would be heaped upon attorneys who act, as here, pursuant to facially valid court rulings that are

---

2 *Doyle v. Landry*, 67 Fed. Appx. 241, 2003 WL 21108487 ( 5th Cir. 2003) (Not Selected for publication)

subsequently found erroneous through no intentional or grossly indifferent conduct of counsel.

**II. SANCTIONS**

Defendants also move for sanctions pursuant to Fed. R. Civ. P. 11(c)(1)(A) to sanction Plaintiffs and their counsel for filing the instant suit without any basis. (Rec. Doc. 4).

Rule 11 of the Federal Rules of Civil Procedure provides that before filing a federal suit the attorney must conduct a reasonable inquiry into the applicable law and facts, believe filing to have valid factual and legal bases, and not file for purpose of harassment, delay or any other improper motivation. Contrary to the former subjective good-faith standard used to judge an objective standard of reasonableness under the circumstances; a legal posture is only a violation where it is unreasonable from the point of both existing law and its possible extension or modification. *See C.J.C. Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 703 (5th Cir. 1993). Thus, sanctions against an attorney are not appropriate unless challenged actions are entirely without color and motivated by improper purposes, such as harassment or delay. *Jain v. Ford Motor Credit Co.*, 174 F.R.D. 259 (E.D.N.Y. 1997).

Plaintiffs' suit cannot be said to have been brought for improper purposes. As noted above, the *Doyle* case, while distinguished here, could have, under other circumstances than what

occurred at the state trial court level, led to a different outcome. We are concerned by the fact that, at time of hearings here, plaintiffs were not pursuing available remedies in the state courts, including perfecting the appeal that formed the foundation for the instant due process claims.

Accordingly, Defendants' Motion for Summary Judgment of federal claims here is **GRANTED** and the Motion for Sanctions is **DENIED.** To the extent any remaining claims sound in state law, the Court declines to exercise supplemental jurisdiction over such claims and dismisses them without prejudice.

New Orleans, Louisiana, this 30th day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE